**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DVISION AT FRANKFORT**

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | *Electronically Filed* |
| v. | ) | Civil Action No. 3:25-cv-00028-GFVT |
| ANDY BESHEAR, in his official capacity as, Governor of Kentucky, et al. | ) ) ) | |
| Defendants. | ) ) | |

**GOVERNOR ANDY BESHEAR'S MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION TO DISMISS**

Governor Andy Beshear, in his official capacity as Governor of the Commonwealth of Kentucky, by and through counsel, submits this Memorandum of Law in support of his Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(1) because the Plaintiff lacks standing to bring this action against the Governor, and under Fed. R. Civ. P. 12(b)(6) because Plaintiff fails to state a claim for relief as to the Governor. The Governor is not a proper party to this action. The Court should dismiss, with prejudice, the Plaintiff's Complaint as to the Governor.

**BACKGROUND**

The Kentucky Council on Postsecondary Education ("Council") first promulgated the administrative regulation at issue in this case, 13 KAR 2:045, 34 years ago in 1991. Twenty-three (23) years ago, the Council first added the section on which the Department of Justice filed suit, Section 8(4)(a), 13 KAR 2:045 (Nov. 12, 2002). The Council amended that particular

section of the regulation in 2010, 2014, and 2015, and then in 2022 submitted a letter to certify that the entire regulation should remain in effect and not expire.

The Governor was not involved with the 2022 certification process and has not taken any action whatsoever regarding 13 KAR 2:045, and Plaintiff does not allege otherwise. The Council is an independent state agency under state law that has sole authority to issue its regulations. Under Kentucky law, these regulations are reviewed by the Kentucky General Assembly, not the Governor. KRS 13A.290.

The Council on Postsecondary Education is established under KRS 164.011 as an agency, instrumentality, and political subdivision of the Commonwealth and as a public body corporate. KRS 164.011(1). Its members consist of the Commissioner of the Department of Education, a faculty member, a student member, and 13 citizen members appointed by the Governor and confirmed by the Senate. *Id*. The Council selects its president, KRS 164.013(1), and under KRS 164.020(28) has exclusive authority to promulgate its own regulations such as 13 KAR 2:045. In a letter to the Council President – not the Governor – the Attorney General recognized the Council's responsibility under Kentucky law to promulgate regulations to determine students' Kentucky residency.[1]

The Council – not the Governor – promulgated and amended 13 KAR 2:045 as a mechanism to enforce its statutorily-tasked duty to "determine tuition and approve the minimum qualifications for admission to the state postsecondary educational system." *See* 13 KAR 2:045, NECESSITY, FUNCTION AND CONFORMITY (citing KRS 164.020(8)). The Governor

---

[1] *See* Attorney General Russell Coleman's Letter (July 10, 2025) (attached as Exhibit 1), publicly available at: https://www.ag.ky.gov/Press%20Release%20Attachments/2025-07-10%20Thompson%20Letter%20from%20RMC.pdf (last visited July 15, 2025). Other than in copying the Governor's General Counsel, the letter does not mention the Governor. *Id.*

2

played no role in the promulgation, amendment or enforcement of 13 KAR 2:045. Under Kentucky law, such a role is reserved exclusively for the Council.

## LEGAL STANDARD

Under FRCP 12(b)(1) and (6), respectively, a district court may dismiss a complaint for "lack of subject-matter jurisdiction" or "failure to state a claim upon which relief can be granted." In considering a Rule 12(b) motion to dismiss, the Court must construe the complaint in a light most favorable to the plaintiff and accept all factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (citation omitted).

Under *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although the plausibility standard does not require proof that a defendant's liability is probable, "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). Significantly, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

**ARGUMENT**

Here, Plaintiff does not allege any specific act of the Governor that caused injury. The Governor has played no role in the promulgation of 13 KAR 2:045, Section 8(4)(a), and Kentucky law gives him no role in that process. Instead, Kentucky law gives the Council sole authority to promulgate regulations, including 13 KAR 2:045. As a result, Plaintiff lacks standing to assert its claim against the Governor and fails to state a claim upon which relief can be granted by the Governor.[2]

**I.      Plaintiff Lacks Standing To Bring Its Claim Against The Governor.**

Article III of the United States Constitution limits a court's jurisdiction to "Cases" and "Controversies." U.S. CONST. art. III, § 2. Under that limitation, "a federal court lacks subject matter jurisdiction over a claim unless the plaintiff has standing to assert it." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Standing requires a plaintiff to "(1) have suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial opinion." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Here, the Plaintiff makes no specific allegations as to any injury caused by the Governor. In fact, the Governor is only mentioned in the Complaint in the section detailing the parties to the action. (Complaint, R. 4, Page ID# 32.) Rather, the Plaintiff generally alleges injury by the promulgation and enforcement of 13 KAR 2:045, which the Governor plays absolutely no role in promulgating, amending or enforcing.

---

[2] Unlike in this case, the Department of Justice sued the State of Texas, but not the Texas Governor, over that state's similar regulation. *United States of America v. State of Texas*, Case No. 7:25-cv-00055-O (N. D. Texas June 4, 2025), publicly available at: https://www.justice.gov/opa/media/1402576/dl?inline= &utm_medium=email&utm_source=govdelivery (last visited July 8, 2025).

Under the second element of standing, the court must look "to whether the defendant's actions have a 'causal connection' to the plaintiff's injury." *Turaani v. Wray*, 988 F.3d 313, 316 (6th Cir. 2021) (quoting *Lujan*, 504 U.S. at 560). Here, the Plaintiff does not set forth any factual allegations to establish that any action of the Governor resulted in the promulgation, amendment or enforcement of 13 KAR 2:045, §8(4)(a). Indeed, Kentucky law plainly demonstrates that the Council promulgated 13 KAR 2:045 and is the only agency that enforces it.[3] The only role Kentucky law gives the Governor regarding the Council is the appointment of its members, who must be confirmed by the senate. KRS 164.011(1). However, such action cannot plausibly alleged to have a causal connection to the challenged regulation. Indeed, such action did not have "a determinative or coercive effect" as to the promulgation or enforcement of 13 KAR 2:045. *See Turaani*, 988 F.3d at 316 (harms resulting from independent action of another party are not traceable to defendant unless defendant's actions had a "determinative or coercive effect" on the other party).

Although the Governor has the constitutional duty to faithfully execute the law, KY. CONST. § 81, the general executive powers of the Governor are not sufficient to establish Plaintiff's standing. *See Universal Life Church Monastery Storehouse v. Nabors*, 35 F.4th 1021, 1031 (6th Cir. 2022) (a governor's constitutional duty to take care that the laws be faithfully executed does not establish standing to enjoin enforcement of a statute prohibiting ministers ordained online from performing marriages). *See also 1st Westco Corp. v. Sch. Dist.*, 6 F.3d 108, 111 (3d Cir. 1993) (general obligation to enforce laws did not confer standing to challenge a

---

[3] The Attorney General's July 10, 2025 letter to the Council President acknowledges the Council's authority to file regulations to determine students' residency. (See Exhibit 1, Attorney General's letter, publicly available at: https://www.ag.ky.gov/Press%20Release%20Attachments/2025-07-10%20Thompson%20Letter%20from%20RMC.pdf (last visited July 15, 2025).)

statute enforced by school officials); *S. Pac. Transp. Co. v. Brown*, 651 F.2d 613, 615 (9th Cir. 1980) (claim dismissed against Attorney General for lack of standing because Attorney General did have power to control local prosecutors that enforced challenged statute); *Moravec v. Beshear*, 2023 WL 6133134, *4 (E.D. Ky. Sept. 19, 2023) (dismissing challenge against Governor as to enforcement of law requiring plaintiff to register as a sex offender because Governor did not enforce the law at issue). To survive a motion to dismiss for lack of standing, a plaintiff is required to have alleged "specific, plausible allegations about what the Governor has done, is doing, or might do to injure" the plaintiff. *Universal Life Church*, 35 F.4th at 1031. Here, the Complaint lacks any such allegations.

Absent a specific allegation of action by the Governor that caused the Plaintiff's injury, neither the Governor's authority to appoint 13 citizen members to the Council nor his general duty to faithfully execute the law suffice to establish the Plaintiff's standing. Any possible connection that could be alleged by the Plaintiff is too attenuated. As a result, this Court should dismiss the claim against the Governor for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

## II.     Plaintiff Fails To State A Claim For Relief As To The Governor.

For the same reasons Plaintiff lacks standing to bring its claims against the Governor, it also fails to state a claim upon which the Governor can grant it relief. Again, the Council – not the Governor – promulgated, amended and enforces 13 KAR 2:045, Section 8(4)(a). Kentucky law gives the Governor no role in anything associated with the regulation. Under Kentucky law, the Council has sole authority over and control of its regulations. As such, the Court should dismiss the Governor from this action, with prejudice, under Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

For the foregoing reasons, Governor Beshear respectfully asks the Court to dismiss Plaintiff's Complaint against him in its entirety, with prejudice, under Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6).

        Respectfully submitted,

        /s/Taylor Payne
        S. Travis Mayo
        General Counsel
        Taylor Payne
        Chief Deputy General Counsel
        Office of the Governor
        700 Capitol Avenue, Suite 106
        Frankfort, KY 40601
        (502) 564-2611
        travis.mayo@ky.gov
        taylor.payne@ky.gov

        *Counsel for Governor Andy Beshear*