**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.:    3:25-cv-00028 |
| Plaintiff, | |
| v. | |
| ANDREW BESHEAR, Governor of the Commonwealth of Kentucky, in his official capacity; AARON THOMPSON, Commissioner of Education for the Commonwealth of Kentucky, in his official capacity; COUNCIL ON POSTSECONDARY EDUCATION | |
| Defendants, | |
| and | |
| KENTUCKY STUDENTS FOR AFFORDABLE TUITION | |
| Defendant-Intervenor. | |

## KENTUCKY STUDENTS FOR AFFORDABLE TUITION'S BRIEF IN SUPPORT OF ITS MOTION TO INTERVENE

Kentucky Students for Affordable Tuition submits this brief in support of its Motion to Intervene.

i

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................. 1
II. BACKGROUND .................................................................................................................. 2
   a. Statutory History ............................................................................................................. 2
   b. This Action ...................................................................................................................... 3
   c. Movant Kentucky Students for Affordable Tuition .......................................................... 3
III. ARGUMENT ........................................................................................................................ 5
   a. Intervention as of Right .................................................................................................. 5
      i. Timeliness .................................................................................................................... 5
      ii. Interest in Action ......................................................................................................... 8
      iii. Disposition of the Case Will Impair Movant's Ability to Protect Its Interest ............ 10
      iv. The Parties Before the Court Do Not Adequately Represent Movant's Interests ...... 11
   b. Permissive Intervention ................................................................................................ 11
IV. CONCLUSION ................................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*Cal. ex. rel. Lockyer v. United States*,
 450 F.3d 436 (9th Cir. 2006)............................................................................................9
*Clark v. Roccanova*,
 No. CIV.A. 10-155-JBC, 2012 WL 1711269 (E.D. Mich. 2012) ............................................. 6
*Grubbs v. Norris*,
 870 F.2d 343 (6th Cir. 1989)..........................................................................................5, 8
*Jansen v. City of Cincinnati*,
 904 F.2d 336 (6th Cir. 1990)............................................................................................ 11
*Kyaw Aung v. USF Holland, LLC*,
 No. 3:17-CV-00092-GFVT, 2019 WL 10252748 (E.D. Ky. Mar. 25, 2019) ............................. 6
*Linton by Arnold v. Comm'r of Health and Env't, State of Tenn.*,
 973 F.2d 131 (6th Cir. 1992)................................................................................. 5, 6, 8, 10
*Mich. State AFL-CIO v. Miller*,
 103 F.3d 1240 (6th Cir. 1997)............................................................................... 8, 11, 12
*Parker v. D.C.*,
 478 F.3d 370 (D.C. Cir. 2007)..........................................................................................9
*Purnell v. City of Akron*,
 925 F.2d 941 (6th Cir. 1991)................................................................................ 5, 6, 8, 12
*Texas v. United States*,
 805 F.3d 653 (5th Cir. 2015)............................................................................................ 9
*Trbovich v. United Mine Workers*,
 404 U.S. 528 (1972) ...................................................................................................... 11
*United States v. City of Detroit*,
 712 F.3d 925 (6th Cir. 2013).......................................................................................... 7
*United States v. Oklahoma*, No. 6:25-cv-00265…….....................................................7, 8
*United States v. Texas*, No. 7:25-cv-00055……………………………………….....1, 7
*United States v. Walz et al.*, No. 0:25-cv-02668 ........................................................................ 8
*Usery v. Brandel*,
 87 F.R.D. 670 (W.D. Mich. 1980) ................................................................................... 7
*Wineries of the Old Mission Peninsula Ass'n v. Township of Peninsula, Mich.*,
 41 F.4th 767, 774 (6th Cir. 2022)................................................................................... 10

**Statutes**

8 U.S.C. § 1623.................................................................................................................. 2, 3
Ky. Rev. Stat. Ann. § 164.020 ............................................................................................... 2

**Rules**

Fed. R. Civ. Pro. 24.............................................................................................................. 5
Fed. R. Civ. Pro. 24(a)......................................................................................................1, 10
Fed. R. Civ.Pro. 24 (a)(2).................................................................................................5, 6
Fed. R. Civ. Pro. 24 (b)......................................................................................................1, 13

**Regulations**

13 Ky. Admin. Regs. 2:045 ................................................................................................. 2
13 Ky. Admin. Regs. 2:045 § 2(2)........................................................................................2
13 Ky. Admin. Regs. 2:045 § 8(4)(a)..........................................................................1, 2, 3, 8

**Other Authorities**

29 Ky. Admin. Reg. 749 ...................................................................................................... 2
Fed. R. Civ. P. 24 Advisory Comm. Note to 1996 Amend. ........................................................ 10
*Protecting American Communities from Criminal Aliens*. Exec. Order 14,287, 90 Fed. Reg. 18,761 (April 28, 2025)................................................................................................. 9

I. **INTRODUCTION**

Plaintiff United States of America ("Plaintiff" or the "Federal Government") seeks to invalidate 13 Ky. Admin. Regs. 2:045§ 8(4)(a)—a long-standing regulation that allows eligible students without lawful immigration status to pay tuition equivalent to the rate paid by most students ("regular tuition rates") at public colleges and universities in Kentucky—without consideration of the significant interests of affected third parties. This action comes shortly after the Federal Government filed a lawsuit against the State of Texas, where the parties in one day agreed to terminate a similar two-decades-old Texas law. *United States v. Texas*, No. 7:25-cv-00055 (N.D. Tex. June 4, 2025) (order and final judgment declaring Texas law unconstitutional and permanently enjoining its enforcement).

Kentucky Students for Affordable Tuition (hereinafter, "KSAT" or "Movant") is an unincorporated association of persons affected by this lawsuit. It is an unincorporated association comprised of college students without lawful immigration status who are united for the purpose of advocating for access to affordable higher education in Kentucky, including maintaining the state's regular tuition rates for Kentucky residents without lawful immigration status. Movant therefore has significant interest in the validity of the challenged regulation.

Movant seeks intervention as a matter of right under Federal Rule of Civil Procedure 24(a) for the purpose of defending the validity of § 8(4)(a). In the alternative, Movant respectfully requests permissive intervention under Fed. R. Civ. P. 24(b), as its claims and defenses share common questions of law and fact with the main action, and its intervention on behalf of parties affected by the outcome of this litigation will significantly contribute to the just and equitable resolution of the important issues at stake.

Accordingly, Movant respectfully requests that the Court grant its motion to intervene to ensure fair consideration of the validity of the challenged regulation.

## II. BACKGROUND

### a. Statutory History

In 1996, the United States Congress passed the Illegal Immigration Reform and Responsibility Act. The Act states in relevant part:

> Notwithstanding any other provision of law, an alien who is not lawfully present in the United States shall not be eligible on the basis of residence within a State (or a political subdivision) for any postsecondary education benefit unless a citizen or national of the United States is eligible for such a benefit (in no less an amount, duration, and scope) without regard to whether the citizen or national is such a resident.

8 U.S.C. § 1623(a).

The Kentucky Council on Postsecondary Education ("CPE") has authority to determine tuition rates for Kentucky's public colleges and universities. Ky. Rev. Stat. Ann. § 164.020(8). Exercising this authority, CPE "may require a student who is neither domiciled in, nor a resident of, Kentucky… to pay a higher level of tuition than resident students." 13 Ky. Admin. Regs. 2:045 § 2(2). 13 Ky. Admin. Regs. 2:045 (hereinafter "Tuition Assessment Regulation."), which CPE first promulgated in 1991, determines tuition rates and minimum qualifications for admission to public colleges and universities in Kentucky. 13 Ky. Admin. Regs. 2:045.

In 2002, CPE amended the Tuition Assessment Regulation to specify that "a dependent or independent person who graduates from a Kentucky high school and who is an undocumented alien…shall be a Kentucky resident for the purpose of this administrative regulation." *See* 29 Ky. Admin. Reg. 749-751 (September 2002). This amendment to the Tuition Assessment Regulation is codified as 13 Ky. Admin. Regs. 2:045 § 8(4)(a), which further provides that "A person shall be a Kentucky resident for the purpose of this administrative regulation if the person graduated from a Kentucky high school and . . . [i]s an undocumented alien." § 8(4)(a)—the challenged

2

regulation—has allowed students to afford a higher education in Kentucky for more than a decade regardless of immigration status.

### b. This Action

On June 17, 2025, the United States of America filed this lawsuit against Andrew Beshear in his official capacity as Governor of Kentucky, Robbie Fletcher in his official capacity as the Kentucky Commissioner of Education, and CPE. Dkt. 1. Plaintiff filed an amended complaint on June 23, 2025 to substitute Defendant Fletcher with Dr. Aaron Thompson, the president of CPE. Dkt. 4. Plaintiff alleges that the challenged regulation is expressly preempted by 8 U.S.C. § 1623(a). *See id.* at 11.

Defendant Beshear filed a motion to dismiss on July 15, 2025. Dkt. 11. Plaintiff and Defendant Beshear submitted a proposed agreed order to dismiss Defendant Beshear on August 14, 2025, (Dkt. 16) which the Court granted on August 22, 2025. Dkt. 23. That same day, the remaining parties filed a Joint Motion for Entry of Consent Judgment, declaring § 8(4)(a) is preempted and enjoining its enforcement. Dkt. 24.

### c. Movant Kentucky Students for Affordable Tuition

KSAT is an unincorporated association whose members reside and attend public colleges and universities in Kentucky. It is comprised of students without lawful immigration status who rely on paying regular tuition rates to afford their education. KSAT exists for the purpose of promoting, advocating for, and ensuring access to affordable higher education in Kentucky, including maintaining regular tuition rates for certain students without lawful immigration status. KSAT's members decided to pursue higher education in Kentucky in reliance on the guarantee of § 8(4)(a) that they would qualify for Kentucky's regular tuition rates. This lawsuit jeopardizes that guarantee, and KSAT's members now face increases of up to 152% of their higher education

costs.[1] Certain tuition rates will increase from $446 per semester credit hour to $897 per semester credit hour.[2] Such increases put college out of reach for many students and threaten to prevent them from completing—or even starting—their degree programs.

For example, one of KSAT's members is an undocumented student currently pursuing a Bachelor of Science degree in mechanical engineering at the University of Louisville. Through scholarships, he has been able to afford his education at the regular tuition rate. He cannot afford to pay an increased tuition rate and may be forced to withdraw from his degree program.

Another KSAT member is undocumented and scheduled to begin her first year at the University of Louisville this fall. She plans to pursue a Bachelor of Science in Nursing degree and attend medical school after graduation. She relied on Kentucky's promise of regular tuition rates when she decided to attend college in Kentucky. She will experience significant hardship if she is forced to pay an increased tuition rate for her education. She will almost certainly have to withdraw from her degree program.

A third KSAT member is undocumented and also scheduled to begin his first year of college at the University of Louisville this fall. He plans to pursue a Bachelor of Science degree in exercise physiology. He will experience significant hardship if he is now forced to pay an increased tuition rate and is not sure how he will afford it out-of-pocket.

A fourth KSAT member is an undocumented student currently pursuing a Bachelor of Science degree in industrial engineering at the University of Louisville. They are in the second year of their program. If they are required to pay an increased tuition rate, they will likely be forced to drop out of their degree program.

---

[1] *See, e.g.*, Tuition and Fees, University of Kentucky, https://studentaccount.uky.edu/2025-26-tuition-and-fees#2
[2] *See*, Cost to Attend, Northern Kentucky University, https://inside.nku.edu/financialaid/tuition-fees.html

4

Accordingly, KSAT files this motion to protect its organizational interests and those of its members who would be harmed by elimination of the challenged regulation.

## III.   ARGUMENT

### a. Intervention as of Right

A motion to intervene under Fed. R. Civ. P. 24(a)(2) must be granted where the movant demonstrates "(1) the application for intervention must be timely; (2) the applicant must have a substantial, legal interest in the subject matter of the pending litigation; (3) the applicant's ability to protect that interest must be impaired; and (4) the present parties do not adequately represent the applicant's interest." *Linton by Arnold v. Comm'r of Health and Env't, State of Tennessee*, 973 F.2d 1311, 1317 (6th Cir. 1992) (quoting *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989)). While the proposed intervenor must satisfy all four elements to prevail on a motion to intervene of right, "Rule 24 is broadly construed in favor of potential intervenors." *Purnell v. City of Akron*, 925 F.2d 941, 950 (6th Cir. 1991).

Movant KSAT satisfies each of these elements and the circumstances warrant granting intervention.

#### i. Timeliness

Courts weigh five factors when evaluating the timeliness of a motion to intervene. *Linton*, 973 F.2d at 1317. Those are:

> (a) the point to which the suit has progressed; (b) the purpose for which intervention is sought; (c) the length of time preceding the application during which the applicant knew or reasonably should have known of its interest in the case; (d) prejudice to the original parties due to the failure of the applicant to apply promptly for intervention upon acquiring the knowledge of its interest; and (e) any unusual circumstances of the case.

*Id.* This action is in its earliest stages, which weighs strongly in favor of granting intervention. Plaintiff filed this action on June 17, 2025, *see* Dkt. 1, and amended its complaint on June 23,

5

2025. *See* Dkt. 4. No Defendant filed an answer, and the Court has not ruled on the remaining parties' Joint Motion for Entry of Consent Judgment filed today. Dkt. 24. Further, as of the date of this filing, no discovery has been conducted, no scheduling order has been issued, and no trial date has been set. At such an early stage of litigation, intervention is timely. *See, e.g.*, *Clark v. Roccanova*, No. CIV.A. 10-155-JBC, 2012 WL 1711269, at *2 (E.D. Ky. May 15, 2012) (granting motion to intervene where the parties had not engaged in discovery, and no trial date had been set); *Kyaw Aung v. USF Holland, LLC*, No. 3:17-CV-00092-GFVT, 2019 WL 10252748, at *1 (E.D. Ky. Mar. 25, 2019) (finding timeliness despite entry of a scheduling order and ongoing fact discovery).

Second, Movants' "assert[ion of] a legitimate purpose for intervention," (*Linton*, 973 F.2d at 1318) supports the timeliness of this motion. Movant seeks to intervene to protect the interests of its members, comprised of students who could be directly and adversely affected by the elimination of access to regular tuition rates. While there is no clear definition of what constitutes a "substantial legal interest" under Rule 24(a)(2), it is generally understood to be "a direct, substantial interest in the litigation which must be significantly protectable." *Purnell*, 925 F.2d at 947 (internal quotations omitted). Movants have a "direct, substantial" interest in the outcome of this litigation because it will affect its members' ability to continue their education. *Id.* Movant's members are at risk of having to pay higher tuition rates instead of the regular tuition rates they relied on when they decided to attend college in Kentucky. Movant would be significantly prejudiced if the Court denies the request for intervention.

Third, Movant sought to intervene at the earliest practicable opportunity after it learned its interests could be impacted by this litigation. Movant is moving for intervention less than

6

three months after Plaintiff filed this action. The expeditious filing of the motion for intervention weighs in favor of granting the intervention.

      Fourth, there is no prejudice to the parties by filing this motion less than three months after Plaintiff filed this suit. In assessing this factor, judicial "analysis must be limited to the prejudice caused by the *untimeliness*, not the intervention itself." *United States v. City of Detroit*, 712 F.3d 925, 933 (6th Cir. 2013) (emphasis in original). As discussed above, Movant has not delayed but has filed this Motion to Intervene within less than three months of Plaintiff filing its complaint. Because this case is at the earliest stage of litigation, neither Plaintiff nor Defendants will be prejudiced by the timing of Movant's intervention. *See Usery v. Brandel*, 87 F.R.D. 670, 675 (W.D. Mich. 1980) (finding intervention did not prejudice the parties where "The suit ha[d] not advanced beyond early discovery, and [wa]s yet far from trial."). Any prejudice to the parties would not be the result of Movant's intervention, but of the parties' attempt to rush this Court into entering their proposed consent judgment without consideration of the interests of third parties.

      Finally, the circumstances of this action are unusual and indicate timeliness. This action comes shortly after the Federal Government filed a lawsuit against the state of Texas, where the parties in that case agreed, in one day, to put an end to a similar two-decades-old Texas law. *United States v. Texas*, No. 7:25-cv-00055 (N.D. Tex. June 4, 2025) (order and final judgment declaring Texas law unconstitutional and permanently enjoining its enforcement). The Federal Government has made it a priority to target and attempt to overturn state laws and regulations, like the regulation challenged here, that allow undocumented immigrants students to qualify for regular tuition rates in limited circumstances. The Federal Government has also sued the State of Minnesota and the State of Oklahoma over state laws that allow undocumented immigrants to

7

qualify for regular tuition rates in limited circumstances. *See United States v. Walz et al.*, No. 0:25-cv-02668 (D. Minn. filed June 25, 2025); *United States v. Oklahoma*, No. 6:25-cv-00265 (E.D. Okla. filed Aug. 5, 2025). Given that the Texas action was filed and adjudicated in one day, and the parties in the Oklahoma suit have already filed a joint motion for entry of a consent judgment declaring the Oklahoma law unconstitutional (*United States v. Oklahoma*, No. 6:25-cv-00265 (E.D. Okla. Aug. 5, 2025) (joint motion for entry of consent judgment)), Movant seeks to intervene now to ensure that the interests of its affected members are adequately represented.

Accordingly, Movant's motion is timely.

### ii. Interest in Action

The second intervention factor requires that the movant have "a substantial, legal interest in the subject matter of the litigation." *Linton*, 973 F.2d at 1317 (quoting *Grubbs*, 870 F.2d at 345). For purposes of determining whether a proposed-intervenor has a "substantial legal interest" in the underlying litigation, the movant need not have a "*specific* legal or equitable interest." *Purnell*, 925 F.2d at 948 (emphasis added). Indeed, the Sixth Circuit has adopted "a rather expansive notion of the interest sufficient to invoke intervention of right." *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997).

Movants satisfy this requirement because Movant seeks an adjudication of this action on its merits declaring the validity of § 8(4)(a). In furtherance of that goal, Movant seeks to intervene to protect the interests of its members, comprised of students who could be directly and adversely affected by being required to pay increased tuition rates. Movant's interests are protectable because they would be impaired in the event of an adverse decision. Without access to regular tuition rates, member-students would be forced to pay prohibitively high tuition rates.

8

Those rates may be more than double the regular tuition rates.[3] Many students without lawful immigration status come from low-income backgrounds, and they are ineligible for federal financial aid. Without access to tuition at the affordable, regular tuition rate, Movant's members may be forced to drop out of college or be unable to start their education at all.

This hardship is not speculative. On April 28, 2025, President Trump signed an executive order titled *Protecting American Communities from Criminal Aliens*. Exec. Order 14,287, 90 Fed. Reg. 18,761 (April 28, 2025). The Order requires the Department of Justice and Department of Homeland Security to "stop the enforcement of State and local laws…. favoring aliens over any groups of American citizens…including State laws that provide in-State higher education tuition to aliens but not to out-of-State American citizens…" As such, Movant and its members are being "singled out or uniquely targeted by the [Federal G]overnment." *Parker v. D.C.*, 478 F.3d 370, 375 (D.C. Cir. 2007), *aff'd sub nom. D.C. v. Heller*, 554 U.S. 570 (2008). These injuries are imminent because Defendants agree with Plaintiff and have asked this Court to enjoin the challenged regulation. If the regulation were enjoined, affected students would feel that harm in a matter of weeks as tuition bills come due for the upcoming fall 2025 semester.

Further, these harms are "neither "undifferentiated" nor "generalized"" because Movants' members "are the intended beneficiaries of this law." *Texas v. United States*, 805 F.3d 653, 660 (5th Cir. 2015) (quoting *Cal. ex. rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006). Undocumented students make up less than eight percent of students enrolled in Kentucky colleges and universities.[4] Attempting to revoke the regular tuition rates for such a small portion of the students who pay such rates presents a discrete harm to Movant and its members. The

---

[3] *See* Tuition and Fees, University of Kentucky, https://studentaccount.uky.edu/2025-26-tuition-and-fees#2.
[4] *See*, Kentucky, Higher Ed Immigration Portal, https://www.higheredimmigrationportal.org/state/kentucky/.

outcome of this action will directly affect Movant's interests and those of its members. Thus, Movant is entitled to intervention as of right.

### iii. Disposition of the Case Will Impair Movant's Ability to Protect Its Interest

The third factor requires the movant to demonstrate that disposition of the action may impair its ability to protect its interest. *Linton*, 973 F.2d at 1317.

> To satisfy this element of the intervention test, a would-be intervenor must show only that impairment of its substantial legal interest is *possible* if intervention is denied. Keeping with the general theme of Rule 24(a), this burden is minimal. The rule is satisfied whenever disposition of the present action would put the movant at a practical disadvantage in protecting its interest.

*Wineries of the Old Mission Peninsula Ass'n v. Township of Peninsula, Mich.*, 41 F.4th 767, 774 (6th Cir. 2022) (emphasis added) (internal citations and quotations omitted). The advisory committee notes to Rule 24(a) are also instructive: "[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." Fed. R. Civ. P. 24 Advisory Comm. Note to 1996 Amend.

There is no doubt that the relief Plaintiff seeks in this case—overturning a longstanding regulation that has granted Movant's members the ability to pursue higher education—will directly impair Movant's mission. If undocumented students are required to pay higher tuition rates, many of them will be unable to afford the cost of attendance. Many of Movant's members may have to reduce their coursework, withdraw from their degree programs, or reconsider attending college altogether. These injuries are particularly acute now, as Movant's members and their families will be required to pay tuition for the fall 2025 semester in the coming weeks.

Movant thus cannot wait until the conclusion of the litigation to vindicate their interests. As explained above, the remaining Defendants agree with Plaintiff that the challenged regulation is preempted and have asked this Court to enjoin its enforcement. Such an adverse outcome here

will hinder Movant's ability to litigate the validity of the challenged regulation in subsequent proceedings. The Sixth Circuit has recognized that "potential stare decisis [sic] effects can be a sufficient basis for finding an impairment of interest." *Mich. State AFL-CIO*, 103 F.3d at 1247. Because the outcome of this litigation would substantially harm Movant's members, its interests would be impaired if Plaintiff prevails.

### iv. The Parties Before the Court Do Not Adequately Represent Movant's Interests

In seeking intervention, the movant has the burden of demonstrating inadequate representation, but this burden is "minimal." *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10 (1972). The movant need only show that representation "may be" inadequate. *Id.* Crucially, "[t]he proposed-intervenor cannot be required to look for adequate representation to one who is his or her opponent." *Jansen v. City of Cincinnati*, 904 F.2d 336, 343 (6th Cir. 1990) (cleaned up).

Plaintiff and Defendants CPE and Thompson have submitted a proposed consent judgment to declare § 8(4)(a) preempted and enjoin its enforcement. In contrast, Movant's clear and consistent position is that the challenged regulation is valid. This is not "a mere disagreement over litigation strategy." *Id.* Defendants cannot represent Movant's interests because their interests are now adverse to Movant's.

Because Defendants inadequately represent Movant's interests, Movant is entitled to intervene as of right.

### b. Permissive Intervention

Should the Court determine that Movant is not entitled to intervene as a matter of right, Movant asks the Court to exercise its discretion to allow permissive intervention under Fed. R. Civ. P. 24(b). To intervene permissively, a proposed-intervenor must establish the "motion for

intervention is timely and there is at least one common question of law or fact." *Mich. State AFL-CIO*, 103 F.3d at 1248. Once these two requirements are satisfied, the district court must then balance undue delay and prejudice to the original parties to determine whether, in the court's discretion, intervention should be permitted. *Id.* (citing *Purnell*, 925 F.2d at 950-51).

Movant's defenses share many questions of law and fact with the action as a whole. The Federal Government argues the challenged regulation violates the Supremacy Clause. Movant seeks to validate that same regulation. Movant's interests in this action therefore directly align with the ultimate question of law the Court must answer in this case. Any prejudice claimed by the parties pertaining to lengthening the case is of their own creation by hurrying forward a consent judgment without providing an opportunity for consideration of the interests of third parties. *See supra* Section III.a.i. Finally, as discussed above, Movant's motion is timely. *See supra id.*

Accordingly, Movant requests the Court allow permissive intervention under Fed. R. Civ. P. 24(b).

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant its motion to intervene.

Date: August 22, 2025

Respectfully submitted,
*/s/ Olivia Alden*

**MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND**

Thomas A. Saenz*
643 S. Spring St., 11th Fl.
Los Angeles, CA 90014
(213) 629-2512
tsaenz@maldef.org

Susana Sandoval Vargas*
Olivia Alden*
100 N. LaSalle St., Suite 1900
Chicago, IL 60602
Phone: (312) 427-0701
Email: ssandovalvargas@maldef.org
Email: oalden@maldef.org

*Attorneys for Kentucky Students for Affordable Tuition*

*pro hac vice* forthcoming