UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 3:25-cv-00028-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| ANDREW BESHEAR, *et al.*, | ) | **&** |
| | ) | **ORDER** |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

This matter is before the Court on a Motion to Intervene filed by proposed intervenor-defendant Kentucky Students for Affordable Tuition.  [R. 27.]  They seek to intervene as of right pursuant Federal Rule of Civil Procedure 24(a) or, alternatively, by permission pursuant to Rule 24(b).  *Id.*  For the reasons that follow, the Court will **GRANT** Kentucky Students for Affordable Tuition's motion.

**I**

This case was originally filed on July 17, 2025 by the United States of America seeking to invalidate 13 Ky. Admin Regs. 2:045 § 8(4)(a) as preempted by federal law.  In 1996, the United States Congress passed the Illegal Immigration Reform and Responsibility Act (IIRRA). The Act states in relevant part:

> Notwithstanding any other provision of law, an alien who is not lawfully present in the United States shall not be eligible on the basis of residence within a State (or a political subdivision) for any postsecondary education benefit unless a

citizen or national of the United States is eligible for such a benefit (in no less an amount, duration, and scope) without regard to whether the citizen or national is such a resident
8 U.S.C. § 1623(a).

The Kentucky Council on Postsecondary Education (CPE) has the authority to determine tuition rates for Kentucky's public colleges and universities.  Ky. Rev. Stat. Ann. § 164.020(8).  Exercising this authority, CPE "may require a student who is neither domiciled in, nor a resident of, Kentucky… to pay a higher level of tuition than resident students."  13 Ky. Admin. Regs. 2:045 § 2(2).  In 2002, CPE amended the Tuition Assessment Regulation to specify that "a dependent or independent person who graduates from a Kentucky high school and who is an undocumented alien…shall be a Kentucky resident for the purpose of this administrative regulation."  See 29 Ky. Admin. Reg. 749-751 (September 2002).  This amendment to the Tuition Assessment Regulation is codified as 13 Ky. Admin. Regs. 2:045 § 8(4)(a).

The United States commenced this action against the CPE[1], contending that 13 Ky. Admin. Regs. § 8(4)(a) is expressly and directly preempted by 8 U.S.C. § 1623(a), thus making the Kentucky Regulation unconstitutional under the Supremacy Clause.  [R. 1.]  On August 22, 2025, the Parties filed a joint motion requesting that this Court enter an Order and Final Judgment declaring the challenged provision unconstitutional and invalid under the Supremacy Clause.  [R. 24.]  On that same day, KSAT filed a Motion to Intervene.  [R. 27.]  KSAT seeks to intervene as of right pursuant Federal Rule of Civil Procedure 24(a) or, alternatively, by permission pursuant to Rule 24(b).  Id.  The United States responded, challenging KSAT's associational and organizational standing.  [R. 34.]  The United States also argued that this Court

---

[1] The action was also brought against Andrew Beshear, Governor of the Commonwealth of Kentucky. Governor Beshear was dismissed from this lawsuit on August 22, 2025 [R. 23.]

is not required to allow KSAT to intervene as of right and should not allow it to in its discretion. *Id.* Finally, the United States argues that this Court should recognize a futility exception to intervention and deny KSAT's motion to intervene as futile. *Id.* The Court will address each of these arguments in turn. CPE did not respond to KSAT's motion to intervene, and the time for it to do so has lapsed. L.R. 7.1(c). Thus, this motion is ripe for review.

## II

### A

#### 1

As a preliminary matter, Plaintiff claims that KSAT lacks standing to intervene. [R. 34 at 4-10.] Because courts lacking jurisdiction "cannot proceed at all in any cause," the Court must first consider whether KSAT has standing. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Plaintiff claims that KSAT lacks both association and organizational standing. [R. 34 at 4.] However, KSAT makes clear that it is not asserting organizational standing [R. 37 at 9, n. 3.] Thus, the Court will not address whether KSAT either has or needs organizational standing to intervene in this action.

Plaintiff asserts that KSAT does not have Article III standing. [R. 34 at 4.] Article III of the U.S. Constitution limits the power of federal courts to resolving only "cases" and "controversies." U.S. CONST. art. III, § 2. As Plaintiff points out, a proposed intervenor must meet standing requirements under Article III if the proposed intervenor wishes to pursue relief not requested by a plaintiff. *Little Sisters of the Poor Saints Peter and Paul Home v. Pennsylvania*, 591 U.S. 657, 674 n. 6 (2020). Plaintiff then posits that KSAT's requested relief is "diametrically opposed to what Plaintiff seeks" and thus, KSAT must independently establish Article III standing. [R. 34 at 4-5.] Plaintiff allocates a substantial portion of its Response to

3

conducting the familiar Article III standing analysis, arguing that KSAT cannot demonstrate injury-in-fact, traceability, and redressability. *Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-60 (1992)).

While Plaintiff correctly notes that what KSAT seeks is the opposite of the Plaintiff's claimed relief, Plaintiff does not consider that this is so because KSAT seeks to intervene as a *defendant*, not a plaintiff. And where the proposed intervenor seeks to intervene as a defendant, it need not independently demonstrate Article III standing. *See Virginia House of Delegates v. Bethune-Hill*, 587 U.S. 658, 663 (2019) (intervening defendant need not "demonstrate its standing" because intervening as a defendant did not "entail invoking a court's jurisdiction"). Thus, Plaintiff's argument that KSAT may not intervene in this action because it does not have Article III standing is unpersuasive because, as a proposed intervenor-defendant, KSAT is not the party "invoking" this Court's jurisdiction. Additionally, the Sixth Circuit has repeatedly held that "an intervenor need not have the same standing necessary to initiate a lawsuit." *Grutter v. Bollinger*, 188 F.3d 394, 398 (6th Cir. 1999) (citing *Purnell v. City of Akron*, 925 F.2d 941, 950 (6th Cir. 1990)).

Plaintiff's reliance on *Hollingsworth v. Perry* is similarly unavailing. In *Hollingsworth*, the district court allowed a private party to intervene to defend the constitutionality of a law that state officials were refusing to defend. 570 U.S. 693, 702 (2013). The district court declared the law unconstitutional, and the intervenor defendants sought to appeal that decision, despite the state officials choosing not to appeal. *Id.* Only after the intervenor-defendants sought appellate review did the court engage in the standing analysis that Plaintiff cites in its Response. [R. 34 at 8-9.] Because the law was declared unconstitutional by the district court, the plaintiffs no longer had any injury to redress, at which point the intervenor-defendants needed an independent basis

4

to invoke the court's jurisdiction on appeal. *Hollingsworth*, 570 U.S. at 705. Neither the plaintiffs nor the Supreme Court of the United States contested that the private parties should not have been permitted to intervene while the action was pending in district court. *See id.*

To support its argument that KSAT has no standing to intervene, Plaintiff quotes Supreme Court dicta which reads "[w]e have never before upheld the standing of a private party to defend the constitutionality of a state statute when state officials have chosen not to." [R. 34 at 8 (quoting *Hollingsworth*, 570 U.S. at 715).] At first blush this quote seems fatal to KSAT's motion to intervene, but when read in context, this quote stands for something much different than Plaintiff claims.

As noted above, *Hollingsworth* rests on the factual predicate of an intervenor-defendant seeking an appeal when the named defendant has chosen to forego an appeal. *See* 570 U.S. at 702. Thus, when the Supreme Court states that a private party may not defend the constitutionality of a state statute when state officials have chosen not to, the Court means that state officials have chosen not to pursue an *appeal*. In *Hollingsworth*, as is the case in the present action, the state officials refused to defend the statute for the entirety of the litigation. *Id.* Yet, the original decision to allow the intervenor-defendants to intervene was not challenged, and the Supreme Court did not opine on the propriety of their intervention. The Supreme Court was only noting that when state officials choose not to appeal a decision holding a law unconstitutional, private party intervenors may not pursue an appeal on their own accord. Accordingly, this Court finds no reason to deny KSAT's motion to intervene on standing grounds because this Court's jurisdiction was properly invoked by Plaintiff when it brought this action, and KSAT need not demonstrate independent standing because it is not "pursuing relief."

2

Plaintiff makes a related argument that KSAT lacks "standing to defend"[2] the regulation at issue in this case because it is not statutorily authorized to do so.  [R. 34 at 8.]  Plaintiff first cites K.R.S. § 15.020 which provides that the Kentucky Attorney General has the authority (and duty) to represent and advise Kentucky agencies in litigation. Plaintiff next cites K.R.S. § 164.020(8)(a) which provides that the Kentucky CPE has the authority (and duty) to define residency for the purpose of assessing in-state tuition rates.  [R. 34 at 8.]  Plaintiff finally cites K.R.S. § 164.020(27) and K.R.S. § 164.020(37) which grants CPE the power to hire counsel to defend it in litigation, including litigation concerning the regulations it promulgates.  [R. 34 at 8.]

Plaintiff takes these statutes to mean that the Kentucky Attorney General and CPE are the *only* parties with the power to defend the constitutionality of a regulation promulgated by CPE. [R. 34 at 9.]  Plaintiff further asserts that because the Kentucky Attorney General and CPE have evinced an intent not to defend this regulation, KSAT should not be able to "step into the shoes of the Kentucky Attorney General and the CPE to assert an amorphous interest in defense of the challenged . . . regulation."  [R. 34 at 9.]  Plaintiff does not cite any relevant authority—and this Court can find none—that states that the power of the Kentucky Attorney General and CPE to defend this regulation is exclusive to only those parties.  In fact, Plaintiff again cites to *Hollingsworth*, which as the Court pointed out above, cuts against its argument because the intervenors in *Hollingsworth* were permitted by the district court to intervene to defend the constitutionality of a statute that state officials refused to defend.  570 U.S. at 702.  While this Court agrees with Plaintiff that a State "clearly has a legitimate interest in the continued

---

[2] Having already addressed standing *supra* Part II(A)(1), the Court will construe this phrase as Plaintiff asserting that KSAT does not have the authority to defend § 8(4)(a).

enforceability of its own statutes," the Court cannot say that a State is the *only* party with such an interest.  [R. 34 at 8 (citing *Cameron v. EMW Women's Surgical Center, P.S.C.*, 595 U.S. 267, 277 (2022)].  Accordingly, having resolved the threshold jurisdictional question, the Court will turn to whether KSAT is entitled to intervene as of right under Rule 24(a).

### B

Federal Rule of Civil Procedure 24(a)(2) provides that a court must permit a non-party to intervene if that non-party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Fed. R. Civ. P. 24(a)(2).  The standard within the Sixth Circuit for determining whether intervention as a matter of right is proper was enunciated in *Jansen v. City of Cincinnati*:

> ...the proposed intervenors [must] demonstrate that the following four criteria have been met: (1) the motion to intervene is timely; (2) the proposed intervenors have a significant legal interest in the subject matter of the pending litigation; (3) the disposition of the action may impair or impede the proposed intervenors' ability to protect their legal interest; and (4) the parties to the litigation cannot adequately protect the proposed intervenors' interest.

904 F.2d 336, 340 (6th Cir. 1990) (citing *Triax Co. v. TRW, Inc.*, 724 F.2d 1224, 1227 (6th Cir. 1984)); *see also Grutter v. Bollinger*, 188 F.3d 394 (6th Cir. 1999); Fed. R. Civ. P. 24(a).  "The proposed intervenor must prove each of the four factors; failure to meet one of the criteria will require that the motion to intervene be denied."  *United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005) (quoting *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989)).  Plaintiffs contest only the first and last factors, presumably conceding that KSAT has satisfied the others.  [R. 34 at 16-18.]  However, because KSAT must satisfy all criteria, the Court will examine all four

factors.

**1**

First, the Court considers whether KSAT's motion is timely. "Timeliness is a matter withing the sound discretion of the district court." *Stotts v. Memphis Fire Dept.*, 679 F.2d 579, 582 (6th Cir. 1982). The Sixth Circuit directs district courts to consider five factors in determining whether intervention was timely:

> 1) the point to which the suit has progressed; 2) the purpose for which intervention is sought; 3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; 4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and 5) the existence of unusual circumstances militating against or in favor of intervention.

*In re Auto. Parts Antitrust Litig.*, 33 F.4th 894, 900 (6th Cir. 2022). KSAT argues that intervention as of right is proper because the action is at its earliest stages. [R. 27 at 5.] Plaintiff retorts that KSAT employed a "wait-and-see" approach which should weigh against a finding of timeliness. [R. 34 at 16.]

**a**

Turning to the first subfactor, the point to which the suit has progressed, the Court first notes that when KSAT filed its motion to intervene, the action had been filed around two months prior. [*See* R. 1; R. 27.] While Plaintiff refers to two months as "a considerable length of time," [R. 34 at 16] courts put greater weight on how far the suit has progressed, rather than the amount of time that has passed. *United States v. City of Detroit*, 712 F.3d 925, 931 (6th Cir. 2013) ("The mere passage of time—even 30 years—is not particularly important to the progress-in-suit factor.") More importantly, when considering the point to which the suit has progressed, courts consider "what steps occurred along the litigation continuum" between the filing of the

8

complaint and the motion to intervene. *Stupak-Thrall v. Glickman*, 226 F.3d 467, 475 (6th Cir. 2000). In this action, no Defendant has filed an answer, no discovery has been conducted, no scheduling order has been issued, and no trial date has been set. Furthermore, the Court is still considering the pending Joint Motion for Entry of Consent Judgment. [R. 26.] Thus, KSAT is not asking the Court to "revisit settled issues," nor is it asking the parties to "relitigate issues that [KSAT] watched from the sidelines." *In re Auto.* Parts, 33 F.4th at 901-02. The Court recognizes that there has been a dispositive motion filed in this action. [R. 24.] However, that on its own does not militate a finding of untimeliness. *See e.g. Appalachian Regional Healthcare v. Coventry Health and Life Ins. Co.*, No. 5:12-cv-114-KSF, 2013 WL 1314166, at *3 (E.D. Ky. Mar. 28, 2013) (finding a motion to intervene timely despite a pending motion for summary judgment). In light of the minimal activity thus far in this action, the Court finds that this subfactor weighs in favor of a finding of timeliness.

**b**

The Sixth Circuit has acknowledged that its approach to the second subfactor, the purpose for which intervention is sought, has been "somewhat inconsistent." *In re Auto. Parts Antitrust Litig.*, 33 F.4th at 902. Sometimes courts have focused on "the legitimacy of the intervenors' purported interest" and other times have focused on "whether the would-be intervenors acted promptly in light of their stated purposes." *Id*. (citing *Kirsch v. Dean*, 733 F. App'x 268, 275–76 (6th Cir. 2018)). The Court opts to view the instant motion through the second lens as it better reflects the concerns addressed by the timeliness factor overall.

KSAT states that it wishes to intervene "to protect the interests of its members, comprised of students who could be directly and adversely affected by the elimination of access to regular tuition rates." [R. 27-1 at 6.] Moreover, because the Defendants have demonstrated

that they do not seek to defend the regulation at issue, KSAT will fill a critical role by providing

a defense of the regulation. The Court finds that KSAT has stated an adequate purpose for

intervening and acted promptly in light of this purpose. Accordingly, this subfactor also weighs

in favor of timeliness.

### c

The Court now assesses the third timeliness subfactor, the length of time preceding the

application during which the proposed intervenors knew or should have known of their interest

in the case. The Sixth Circuit has repeatedly criticized the "wait-and-see" approach that Plaintiff

claims KSAT adopted. *Blount-Hill v. Zelman*, 636 F.3d 278, 286 (6th Cir. 2011) (Proposed

Intervenors' failed to act promptly despite actual or constructive knowledge of their interest in

the litigation and this failure weighed heavily against the timeliness of their application

to intervene); *United States v. Tennessee*, 260 F.3d 587 (6th Cir. 2001) ("An entity that is aware

that its interests may be impaired by the outcome of the litigation is obligated to seek

intervention as soon as it is reasonably apparent that it is entitled to intervene"); *Stotts v.

Memphis Fire Dep't*, 679 F.2d 579, 584 n. 3 (6th Cir. 1982) (applicants "should have attempted

to intervene when they first became aware of the action, rather than adopting a 'wait-and-see'

approach.")

Plaintiff asserts that KSAT adopted a "wait-and-see" approach because it filed its motion

to intervene after the parties to this litigation moved for this Court to enter a consent judgment.

[R. 37 at 16.] KSAT states that it "sought to intervene at the earliest practicable opportunity

after it learned its interests could be impacted by this litigation." [R. 27-1 at 6.] Plaintiff directs

the Court's attention to *Stotts v. Memphis Fire Department* as support for its position. In *Stotts*,

the Sixth Circuit denied a motion to intervene as untimely when the motion was filed two weeks

after the court preliminarily approved the parties' consent decree. 679 F.2d at 580.

Additionally, the Court noted that three years of extensive discovery and over four months of

intense negotiations preceded the proposed consent decree. *Id.* The Court also noted that the

proposed intervenors were on notice that the parties to the litigation would not adequately

represent their interests because of a similar consent decree entered prior to that action. *Id.* at

584 n.3.

Conversely, KSAT asserts that it was not aware that Defendants did not represent

KSAT's interests until the parties moved for entry of a consent judgment enjoining the

enforcement of § 8(4)(a). [R. 37 at 3.] On the very same day that the parties moved for entry of

a consent judgment, KSAT filed its motion to intervene. [*See* R. 24; R. 27.] While KSAT may

have had a general concern with the outcome of this action from the outset, in the sense that its

members would be affected by an adverse ruling, KSAT had no way of knowing that it had a

Rule 24 "interest" until the parties moved for entry of a consent judgment. Thus, this Court

cannot say that KSAT adopted a "wait-and-see" approach, when the record shows that KSAT

acted promptly when it was notified that CPE did not intend to defend § 8(4)(a).[3] Accordingly,

this subfactor also weighs in favor of timeliness.

**d**

The Court next turns to whether there is any prejudice to the original parties due to the

proposed intervenors' failure to promptly intervene after they knew or reasonably should have

known of their interest in the case. Courts "examine the prejudice caused by the delay in

---

[3] In fact, it is not clear that KSAT would have been able to meet the "adequacy of representation" requirement of Rule 24 prior to the parties moving for entry of a consent judgment because KSAT had no reason to believe that CPE would not defend its own regulation.

intervention, rather than prejudice caused by the intervention itself." *In re Auto. Parts Antitrust Litig*., 33 F.4th at 905 (citing *United States v. City of Detroit*, 712 F.3d 925, 933 (6th Cir. 2013)). KSAT posits that "any prejudice to the parties would not be the result of [KSAT's] intervention, but of the parties' attempt to rush this Court into entering their proposed consent judgment without consideration of the interests of third parties." [R. 27-1 at 7.] Plaintiff asserts that the parties will be prejudiced because the parties made a "considered decision" to settle this lawsuit. [R. 34 at 17.]

Plaintiff simultaneously argues that KSAT has no authority to defend § 8(4)(a), and that KSAT's intervention will somehow interfere with CPE's ability to settle this lawsuit. *Id.* Aside from the obvious tension in this argument, Plaintiff essentially argues that KSAT's intervention itself is prejudicial, which is not the proper inquiry. *See Stotts*, 679 F.2d at 591 ("[O]nly that prejudice attributable to a movant's failure to act promptly may be considered. The broader factor of prejudice that may flow from the intervention itself does not weigh in the balance.") As the party that brought this suit, Plaintiff cannot say that it is prejudiced by having to prove its claim. Accordingly, the fourth subfactor weighs in favor of finding that KSAT's motion to intervene is timely.

**e**

Finally, the Court considers whether there are any "unusual circumstances" that weigh for or against intervention. The Sixth Circuit does not have "an established list of additional factors that it considers" when considering this subfactor. *Favis*, 560 Fed.App'x at 494. A court "may consider the total balance of the timeliness factor under this prong." *Id.* KSAT states that the circumstances of this action are "unusual and indicate timeliness" in light of the Plaintiff

filing very similar actions in other districts.[4]  [R. 27-1 at 7.]  KSAT asserts that this indicates "[t]he Federal Government has made it a priority to target and attempt to overturn state laws and regulations. . .that allow undocumented immigrant students to quality for regular tuition rates in limited circumstances." *Id.*  Plaintiff does not respond directly to this argument, and because all four other subfactors weigh in favor of a finding of timeliness, the Court finds that KSAT's motion to intervene is timely.

### 2

KSAT must also demonstrate a "direct and substantial interest" in this case. *Grubbs v. Norris*, 870 F.2d 343, 346 (6th Cir. 1989) (citing *Brewer v. Republic Steel Corp.*, 513 F.2d 1222, 1223 (6th Cir. 1975)).  Courts in the Sixth Circuit subscribe to a "rather expansive notion of the interest sufficient to invoke intervention of right" and "reject the requirement of a specific legal or equitable interest." *Michigan State AFL-CIO*, 103 F.3d at 1245.  Rather, "[t]he inquiry into the substantiality of the claimed interest is necessarily fact-specific." *Id.*  KSAT claims that it has an interest in the action because it "seeks an adjudication of this action on the merits declaring the validity of § 8(4)(a)." [R. 27-1 at 8.]  KSAT further asserts that it seeks to intervene to "protect the interests of its members" whose interests "would be impaired in the event of an adverse decision." *Id.*  Plaintiff does not respond to this argument, but as the movant,

---

[4] KSAT notes that a consent decree was entered in the Northern District of Texas permanently enjoining enforcement of a similar Texas law.  [R. 27-1 at 7.]  Additionally, the United States has sued the State of Minnesota and the State of Oklahoma over state laws that allow undocumented immigrants to qualify for regular tuition rates in certain circumstances. *Id.* (citing *United States v. Walz et. al.*, No. 0:25-cv-02668 (D. Minn. Filed June 25, 2025); *United States v. Oklahoma*, No. 6:25-cv-0265 (E.D. Okla. Aug. 5, 2025) (joint motion for entry of consent judgment)).  Since the filing of KSAT's Reply, the consent decree was entered by the Eastern District of Oklahoma, permanently enjoining enforcement of the challenged regulation. *United States v. Oklahoma*, No. 6:25-cv-0265 (E.D. Okla. Aug. 29, 2025).

KSAT must establish that it satisfies this element in order to intervene as of right.  *See United States v. Michigan*, 68 F.4th 1021, 1024 (6th Cir. 2023).

KSAT has alleged facts which demonstrate that it has a direct and substantial interest in this litigation.  KSAT provides examples of four of its members that it claims will be affected by an adverse ruling in this action.  [R. 27-1 at 9.]  While Plaintiff asserts that this harm is "speculative" and "conjectural," [R. 34 at 6] the Sixth Circuit has repeatedly held that "Rule 24 is broadly construed in favor of potential intervenors."  *Purnell v. City of Akron*, 925 F.2d 941, 950 (6th Cir. 1991).  Of course, this does not mean that that a proposed intervenor faces "no barrier to intervention at all."  *Coalition to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 780 (6th Cir. 2007) (quoting *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472 (6th Cir. 2000).  But where a group is regulated by a law, or its members are affected by the law, the Sixth Circuit has recognized that the group has an ongoing legal interest in that law's enforcement.  *See Grutter*, 188 F.3d at 401; *Northland Family Planning Clinic, Inc. v. Cox*, 487 F.3d 323, 345 (6th Cir. 2007).  KSAT has demonstrated that its members are regulated by § 8(4)(a) in that pursuant to this regulation, they receive reduced tuition rates.  [R. 27-1 at 3-4.]  It follows then that if § 8(4)(a) were held unconstitutional, KSAT members would necessarily be adversely impacted.[5] Accordingly, the Court finds that KSAT has a direct and substantial interest in this litigation.

---

[5] Plaintiff—while discussing standing—points out that the colleges KSAT's members attend could raise tuition rates higher so that, despite a ruling in their favor, KSAT's members would still face "prohibitively high" tuition rates.  [R. 34 at 5.]  The Court takes the Plaintiff's point but notes that so long as those colleges do not raise in-state tuition higher than out-of-state tuition, KSAT members will benefit from a ruling that § 8(4)(a) is constitutional and be harmed by a ruling that §8(4)(a) is unconstitutional.  Thus, because its members are regulated by the challenged regulation, KSAT has an interest in this action sufficient for Rule 24(a).

**3**

Next, KSAT must demonstrate that the disposition of this action may impair or impede its ability to protect its legal interest. KSAT states that the relief Plaintiff seeks in this case—namely, a declaration that § 8(4)(a) is unconstitutional—will "directly impair [KSAT's] mission" because KSAT's members "may have to reduce their coursework, withdraw from their degree programs, or reconsider attending college altogether" in the event of a decision favorable to Plaintiff. [R. 27-1 at 10.] Plaintiff again does not directly respond to KSAT on this element but does elsewhere in its Response note that "KSAT remains free to promote and advocate for its preferred policy outcomes to the exact same extent as before" regardless of the outcome in this action. [R. 34 at 7.] Plaintiff also notes that if KSAT members choose to reduce coursework or not attend college based on rising tuition rates, "that is no injury but a rational response to price signals." [R. 34 at 6.]

To satisfy the impairment of interest element, "a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied." *Mich. State AFL-CIO*, 103 F.3d at 1247 (citing *Purnell*, 925 F.2d at 948). This is not a high bar, and the Court finds that KSAT clears it. This case turns on the constitutionality of § 8(4)(a), and an unfavorable ruling may result in higher tuition rates for KSAT members. [*See* R. 27-1.] Although this result is "speculative" as Plaintiff points out, the standard for this element is that the proposed-intervenor's ability to protect its interest *may* be impaired. Thus, the standard itself is speculative, and accordingly KSAT has satisfied this element by demonstrating a potential impairment of its ability to protect its interest and the interests of its members.

**4**

Finally, the Court will address whether KSAT's interests are adequately represented by the existing parties. The Sixth Circuit has held that "Rule [24(a)] is satisfied if the applicant shows that representation of his interest '*may be*' inadequate; and the burden of making that showing should be treated as minimal." *Wineries of the Old Mission Peninsula Ass'n v. Twp. of Peninsula, Michigan*, 41 F.4th 767, 774 (6th Cir. 2022) (quoting *Trbovich v. United Mine Workers of Am*., 404 U.S. 528, 538 n.10 (1972)). While the showing under this factor is minimal, the proposed intervenor "bear[s] the burden of proving that they are inadequately represented by a party to the suit." *Michigan*, 424 F.3d at 443 (citing *Meyer Goldberg, Inc. v. Goldberg*, 717 F.2d 290, 293 (6th Cir. 1983). Additionally, there is a presumption of adequate representation when the proposed intervenor shares the same "ultimate objective" as a party to the suit. *Michigan*, 424 F.3d at 443-44 (citing *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987).

KSAT contends that neither party represents its interests because the parties have jointly moved for entry of a consent judgment declaring § 8(4)(a)—the regulation KSAT seeks to defend—unconstitutional. [R. 37 at 5.] Plaintiff submits that KSAT and CPE have the same "ultimate objective" because, as a government agency, CPE "clearly ha[s] an interest in the enforceability of a regulation [it] promulgate[d]." [R. 34 at 17.] While it may be true in the abstract that government agencies have an interest in defending regulations they promulgate, the reality of this case is that CPE has evinced a very clear intent to not defend § 8(4)(a). [*See* R. 24.] The parties are not only seeking a different "ultimate objective" from KSAT, but they are seeking a result diametrically opposed to that of KSAT. Additionally, KSAT's dissension with CPE's position is not merely a "disagreement in litigation tactics." The record is devoid of any

indica that CPE ever sought to defend § 8(4)(a) before joint moving with Plaintiff for entry of a consent judgment declaring § 8(4)(a) unconstitutional. Given the minimal showing required under this factor, the Court is satisfied that KSAT's interests are sufficiently different from the parties. Having concluded that KSAT has satisfied all of the elements of Rule 24(a), the Court finds that KSAT is permitted to intervene as of right. KSAT also seeks permissive intervention under Rule 24(b). [R. 27-1 at 11-12.] Having found that KSAT's motion to intervene is timely and meets all of the requirements for intervention as of right, the Court need not consider permissive intervention.

### C

Plaintiff spends a significant portion of its Response discussing the futility exception to intervention. [R. 34 at 10-15.] Plaintiff argues that "[i]ntervention in this case would be futile because there is no legal merit to KSAT's proposed claims." *Id.* at 10. Plaintiff concedes that the Sixth Circuit has not recognized a futility exception to intervention but nonetheless requests that this Court recognize it. *Id.* KSAT points this Court's attention to several cases within this Circuit cautioning against wading into the merits at this early stage, which the futility exception necessarily requires to some extent. [R. 37 at 10-12.] The cases out of this Circuit discussing the futility exception caution that "such an exception to intervention as of right would likely contradict the Sixth Circuit's expansive intervention doctrine." *Macomb Interceptor Drain Drainage Dist. v. Kilpatrick*, No. 11-13101, 2012 WL 159154, at *4 (E.D. Mich. May 7, 2012) (citing *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997)). Additionally, one court in this Circuit has noted that by discussing standing and futility in a motion to intervene, the parties "put the proverbial cart before the horse," instead of conducting a true Rule 24

17

analysis. *Dauscha v. UP Communications Services, LLC.*, No. 4:13-cv-50-HSM-SKL, 2013 WL 6388566, at *2 (E.D. Tenn. Dec. 6, 2013).

This Court recognizes that a recent factually analogous case out of the Fifth Circuit denied a similarly styled motion to intervene on futility grounds.  *See United States v. Texas*, No. 7:25-cv-00055, 2025 WL 2423900 (N.D. Tex. Aug. 15, 2025).  The Court does not express any opinion on that decision but instead is content to note that the Court in *United States v. Texas* rested its decision on Fifth Circuit precedent which appears to recognize the futility exception. *See Saavedra v. Murphy Oil U.S.A., Inc.*, 930 F.2d 1104, 1109 (5th Cir. 1991) ("[A] proper basis for denying leave to intervene may be a finding that the proposed intervention would fail to state a claim."); *King v. Flowers Foods, Inc.*, No. CV 21-579-BAJ-SDJ, 2023 WL 2731041, at *2 (M.D. La. Mar. 30, 2023) ("If the intervening party's legal claim fails on the merits under clearly-established law or a prior decision in the case, the motion to intervene can be dismissed as futile.")  No such exception has been established in the Sixth Circuit, and this Court does not find it necessary to recognize one today to decide the outcome of KSAT's Motion to Intervene.

## III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that the Proposed Intervenor-Defendant Kentucky Students for Affordable Tuition's Motion to Intervene **[R. 27]** is **GRANTED**.

This the 19th day of November, 2025.

Gregory F. Van Tatenhove
United States District Judge